IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY CORNIEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76593

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict and guilty plea, of two counts of trafficking a schedule I controlled substance, maintaining a place for the sale of controlled substances, and possession of a firearm by a prohibited person.[1] Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Appellant Anthony Corniel argues that the district court violated his Confrontation Clause rights by admitting portions of a wire recording containing statements by the confidential informant (CI) involved in the undercover drug transaction as the CI did not testify at trial. Specifically, Corniel takes issue with the portion of the recording wherein the CI stated the phone number she was calling to set up the drug buy. We review de novo, *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009), and conclude there was no Confrontation Clause violation. The CI's statement was not offered to prove the truth of the matter asserted. Instead, the State offered it to show its effect on the detective and to help explain why the detective proceeded with the investigation in the manner that he did. When offered to show its effect on the listener, out-of-court statements are admissible and not barred by the hearsay rule or the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38182

(2004) (recognizing that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"); *United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004) (recognizing that statements made by a confidential informant do not violate the Confrontation Clause when their sole purpose is to serve as background information to explain why a government official made investigatory decisions); *Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990) (explaining that the hearsay rule does not apply when a statement is not offered to show the truth of the matter asserted but rather to show the statement's effect on the listener). Moreover, any error was harmless as other physical and testimonial evidence supported Corniel's convictions. *See Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 477 (2006) (identifying relevant factors to consider when reviewing Confrontation Clause errors for harmless error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:    Hon. David A. Hardy, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.